Filed by SW D.C.
ELECTRONIC
Aug 9 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 05-80160-CIV-PAINE/JOHNSON

GESNER FRANCISQUE, on his own behalf
and others similarly situated,

    Plaintiff,

v.

NANAK'S LANDSCAPING, INC.,
a Florida corporation, and
DEVA SINGH KHALSA, individually,

    Defendants.

_____/

### PLAINTIFF'S MOTION TO REOPEN THIS ACTION FROM THE STAY ENTERED ON JULY 12, 2005 SUBJECT TO ARBITRATION

    Plaintiff, GESNER FRANCISQUE, by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby requests the Court issue an Order Re-Opening this Action and lift the Stay entered by the Court on July 12, 2005 subject to the parties proceeding to arbitration and states:

    1.    In February 2005, Plaintiff initiated this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., on behalf of himself and other landscapers currently and formerly employed by Defendants seeking the recovery of unpaid overtime wages which Plaintiff and other similarly situated employees earned during the course of their employment with Defendants.

    2.    On March 24, 2005, Defendants filed a Motion to Compel Arbitration and Stay Proceedings Pending the Resolution of this Case by an Arbitrator based upon an "Employee Mediation and Arbitration Agreement" which Defendants contend require the instant claims to be resolved through arbitration.

3. On July 12, 2005, the Court entered an Order staying these proceedings pending Arbitration pursuant to the terms set forth in the parties' "Mediation and Arbitration Agreement."

4. Pursuant to the express provisions of Section 1 of the "Mediation and Arbitration Agreement," the parties were obligated to participate in Mediation pursuant to the Rules of Procedure of the American Arbitration Association.

5. As a result, on July 29, 2005, Plaintiff's Counsel sent Defendants' Counsel written correspondence requesting that within five (5) days of that correspondence, Defendants contact the undersigned counsel to make arrangements for the parties to Mediate Plaintiff's claims.

6. On August 4, 2006, Plaintiff's Counsel spoke with Defendants' Counsel, Harry O. Boreth, Esquire, concerning Plaintiff's continued interest in working towards a resolution of his claims in this case, and to this end, Plaintiff's Counsel sent Mr. Boreth–pursuant to his request–a written settlement proposal.

7. Subsequently, Plaintiff's Counsel continued to contact Defendants' Counsel but did not receive any response to Plaintiff's settlement offers or any dates to schedule Mediation.

8. On September 7, 2005, Plaintiff's Counsel was notified upon contacting Defendants' Counsel's office that Defendants' Counsel was out of the jurisdiction. As a result, Defendants' Counsel's staff if the undersigned would wait for Defendants' Counsel to return to receive a response to Plaintiff's prior correspondence.

9. On October 10, 2005, Plaintiff's Counsel sent Defendants' Counsel further written correspondence in an effort to facilitate a potential resolution of Plaintiff's claims, as Defendants' Counsel had been unable to obtain any dates from Defendants to schedule Mediation.

10. On November 2, 2005, Plaintiff's Counsel telephoned Mr. Boreth and was advised

that Defendants were obtaining records relating to Plaintiff's hours worked and compensation, since the apparent cost of trying to resolve Plaintiff's claims best suited all parties versus expending the costs associated with Mediation and/or Arbitration.

11. On November 21, 2005, Plaintiff's Counsel again spoke with Mr. Boreth and was advised that Mr. Boreth was in possession of all relevant records and would be producing same.

12. On November 30, 2005, Plaintiff's Counsel again sent Defendants' Counsel written correspondence as follows:

> "Over the past several months, we have repeatedly attempted to work with you to achieve a negotiated resolution of Mr. Francisque's claims for unpaid overtime. In this regard, while we not received any time or payroll records from you, and although when I spoke to you on November 21, 2005 you indicated that these records would be forthcoming, we unfortunately have no choice but to formally scheduled Mediation in accordance with Section 1 of the parties' arbitration agreement.
>
> Thank you for your prompt attention to this matter."

13. On December 9, 2005, Plaintiff's Counsel telephoned Mr. Boreth and was advised that no progress had been made to obtain Defendants' position or Mediation dates.

14. On March 31, 2006, Mr. Boreth advised Plaintiff's Counsel that Defendants had reached an ultimate position which made clear that no voluntary settlement would be possible between the parties, and on April 11, 2006, after Plaintiff's Counsel cleared Mediation dates with Mediator Martin Soll–an agreed upon Mediator–the undersigned sent Mr. Boreth written correspondence setting forth approximately ten (10) different dates on which Mediation could be scheduled.

15. On May 12, 2006, Plaintiff's Counsel next sent Mr. Boreth written correspondence in which Plaintiff notified Defendants that Plaintiff had "been trying for many **months** now to obtain

3

Defendants' cooperation in participating in Mediation as required by the parties' Arbitration Agreement, which if unsuccessful will result in the arbitration itself proceeding. However, Defendants have failed to participate in all such efforts." In this regard, Plaintiff further notified Defendants on May 12th that Plaintiff was left with no choice but to seek the Court's intervention, as it was clear that Defendants had "used their Arbitration Agreement as a pre-text to prevent this action from proceeding, as the Court issued a stay of the federal court action pending the arbitration, and the Court therefore still has jurisdiction over this matter and Defendants' conduct."

16. On May 16, 2006, Plaintiff's Counsel spoke to Mr. Boreth over the telephone, at which time Defendants' Counsel asked how much Plaintiff was looking for to resolve his claims in this case, to which the undersigned replied that Plaintiff had, on at least five (5) or more occasions, provided Defendants with specific settlement offers in a compromise effort to resolve this case.

17. On June 12, 2006, Plaintiff's Counsel spoke to Mr. Boreth a final time, and Plaintiff offered at the time to waive the parties' Mediation requirement so that Arbitration could simply proceed. However, to date, Mr. Boreth was not authorized at that time to communicate whether Defendants agreed to such a waiver or not.

18. Now, as of August 9, 2006, more than one (1) year has passed since the date on which the Court entered an Order staying these proceedings and compelling Arbitration, and as a result of Defendants' refusal to work with Plaintiff to schedule Mediation or Arbitration, Plaintiff has been completely prevented from vindicating his right to overtime wages under the Fair Labor Standards Act.

19. In light of the foregoing, Plaintiff respectfully submits that Defendants have failed to act in good faith for more than twelve (12) months and have knowingly refused to comply with

the Court's July 12, 2005 Order. As such, Defendants' actions warrant the Court vacating its July 12, 2005 Order and re-opening these proceedings herein so that Plaintiff may appropriately pursue his claims for unpaid overtime wages before this Court. In this regard, Plaintiff avers that once these proceedings are re-opened, Defendants will not be able to "hide out" in perpetuity as they have done over the course of the past year, or Defendants would of course be subject to serious sanctions, including but not limited to being held in contempt of Court.

20. In accordance with S.D. Fla. L. R. 7.1, Plaintiff conferred with Defendants prior to filing the instant Motion, but the undersigned counsel certifies that this Motion is necessary to protect Plaintiff's rights under federal law.

WHEREFORE, Plaintiff, GESNER FRANCISQUE, respectfully requests the Court issue an Order: (a) vacating the Court's July 12, 2005 Order; (b) re-opening these proceedings for all necessary discovery and other steps through trial of this cause; (c) awarding Plaintiff all of his reasonable attorneys' fees incurred since July 12, 2005 in having been forced to needlessly chase after Defendants–to no avail; (d) issuing sanctions against Defendants for intentionally delaying these proceedings; and (e) issuing such other and further relief as this Court deems just and appropriate.

Dated: August 9, 2006  
      Boca Raton, Florida

Respectfully submitted,

**s/KEITH M. STERN**  
Keith M. Stern  
Florida Bar No. 321000  
E-mail: kstern@shavitzlaw.com  
SHAVITZ LAW GROUP, P.A.  
7800 Congress Avenue, Suite 108  
Boca Raton, Florida 33487  
Telephone: (561) 447-8888  
Facsimile: (561) 447-8831

5

                   Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing was served by facsimile and U.S. Mail on August 9, 2006 on all counsel of record on the attached service list.

                   **s/KEITH M. STERN**
                   Keith M. Stern

## SERVICE LIST
### CASE NO.: 05-80160-CIV-PAINE/JOHNSON

Harry Boreth, Esq. and Chris Kleppin, Esq.
Glasser, Boreth, Ceasar & Kleppin
8751 W. Broward Blvd., Suite 105
Plantation, Florida 33324
Tel:  954-424-1933
Fax:  954- 474-7405

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 05-80160-CIV-PAINE/JOHNSON

GESNER FRANCISQUE, on his own behalf
and others similarly situated,

    Plaintiff,

v.

NANAK'S LANDSCAPING, INC.,
a Florida corporation, and
DEVA SINGH KHALSA, individually,

    Defendants.
_____/

### ORDER ON PLAINTIFFS' MOTION TO REOPEN ACTION

    THIS MATTER is before the Court upon Plaintiffs' Motion to Reopen Action and

Plaintiff having shown good cause and the Court having reviewed the record and being advised on

the premises, it is hereby

    ORDERED AND ADJUDGED that _____.

    DONE AND ORDERED in _____, _____County, Florida this ___ day of

_____, 2006.

                                                _____
                                                U.S. DISTRICT COURT JUDGE

Keith M. Stern, Esq., 7800 Congress Avenue, Suite 108, Boca Raton, FL 33487 (Tel: 561-447-8888; Fax: 561-447-8831)

Harry O. Boreth, Esq. and/or Chris Kleppin, Esq., 8751 W. Broward Blvd., Suite 105, Plantation, FL 33324 (Tel: 954-424-1933; Fax: 954-474-7405)